AO 247 (02/08)   Order Regarding Motion for Sentence Reduction

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
AUG 28 2008
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| DERRICK H. BELL | ) | Case No: 1:03-CR-0161 |
| | ) | USM No: 12008-067 |
| Date of Previous Judgment: August 3, 2006 | ) | James V. Wade |
| (Use Date of Last Amended Judgment if Applicable) | ) | Defendant's Attorney |

### Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

Upon motion of ✓ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
  ✓ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ months **is reduced to** _____ .

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)

| Previous Offense Level: | 30 | Amended Offense Level: | 30 |
|---|---|---|---|
| Criminal History Category: | VI | Criminal History Category: | VI |
| Previous Guideline Range: | 168 to 210 months | Amended Guideline Range: | 168 to 210 months |

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**
☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
✓ Other (explain):   Defendant's Sentencing Guidelines range under retroactive amendments is identical to that under which defendant was originally sentenced.

**III. ADDITIONAL COMMENTS**
See attached Pronouncement of Ineligibility

Except as provided above, all provisions of the judgment dated  08/03/2006  shall remain in effect.
**IT IS SO ORDERED.**

Order Date: August 28, 2008

_____
Judge's signature

Effective Date: _____
(if different from order

**CHRISTOPHER C. CONNER, U.S. DISTRICT**
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 1:03-CR-0161** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **DERRICK H. BELL,** | : | |
| | : | |

## PRONOUNCEMENT OF INELIGIBILITY

AND NOW, this 28th day of August, 2008, upon consideration of defendant's motion (Doc. 122) to reduce his sentence for possession with the intent to distribute cocaine base, and for the reasons that follow, the court finds that defendant is ineligible for a reduced sentence.

Defendant's original base offense level was 32, and he received a two-point downward adjustment for acceptance of responsibility. His offense level was VI, yielding a sentencing range of 168 to 210 months. The presentence report, which the court adopted, concluded that defendant qualified as a career offender. However, defendant's career offender status did not play a significant role at sentencing because his actual offense level was the same as the level for a career offender.

Under the amended guidelines, defendant's base offense level is 30, and he remains entitled to a two-point downward adjustment for acceptance of responsibility. His adjusted offense level is 28, and his criminal history category remains VI. However, these adjustments decrease defendant's offense level below that applicable to career offenders. Therefore, the career offender provisions of the Sentencing Guidelines control defendant's sentence. See U.S. SENTENCING

GUIDELINES MANUAL, § 4B1.1(b) (2004). Under § 4B1.1(b), defendant's offense level is 30,[1] and his criminal history category is VI. See id. § 4B1.1(b)(C). His sentencing range is 168 to 210 months, which is identical to the range within which defendant was originally sentenced. Accordingly, defendant is ineligible for a reduction in

---

[1] Defendant's criminal activity implicates a twenty-year statutory maximum sentence. See 21 U.S.C. § 841(b)(1)(C). His career offender level is therefore 32, reduced by the two-point downward adjustment he received for acceptance of responsibility. U.S. SENTENCING GUIDELINES MANUAL, § 4B1.1(b) (2004).

sentence under the retroactive amendments to the United States Sentencing Guidelines.[2]

---

[2]Defendant argues that his sentence should not be considered under Sentencing Guidelines' career offender provisions because he was not, in fact, sentenced as a career offender. He further argues that the government's motion pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure to reduce his sentence to 158 months supports the conclusion that he should be exempt from sentencing as a career offender. Defendant primarily relies on United States v. Poindexter, 550 F. Supp. 2d 578 (E.D. Pa. 2008), in support of this argument. Poindexter involved the resentencing of a defendant who had received a seven-level downward departure at his original sentencing because the court found that "career offender status overrepresent[ed] the [defendant's] total offense level." See id. 579. The resulting offense level was equivalent to the level for which defendant was eligible without regard to career offender status. See id. The defendant then filed a motion for a sentence reduction under the retroactive amendments to the Guidelines. The court concluded that the defendant was entitled to a reduction despite his continued eligibility for career offender status because the court had previously found that such status overrepresented the severity of the defendant's offense. See id. at 582 (finding that defendant was entitled to a sentence reduction because the court sentenced him under the offense level resulting from the drug-quantity table rather than under the career offender guideline).

Poindexter is markedly different from the instant matter, in which defendant never received a downward department based on overrepresentation. To the contrary, at defendant's original sentencing, the court adopted the findings of the presentence report, which concluded that defendant qualified as a career offender. (Doc. 100 at 14.) His guideline range based on drug quantity was identical to that for which he was eligible as a career offender, and the court sentenced defendant under the guidelines range applicable to both designations. The career offender sentencing range therefore appropriately represented the severity of defendant's criminal conduct. In light of the court's adoption of the presentence report and the parity between defendant's sentencing ranges under the drug quantity table and as a career offender, defendant's argument that he is entitled to a reduction because his sentence does not derive from the career offender guideline is little more than semantic hair-splitting. Defendant was sentenced within the range applicable to career offenders after the court adopted the presentence report identifing him as such. Finally, defendant's argument that the government's Rule 35(b) motion alters his career-offender status is devoid of merit. Rule 35(b) governs sentence reductions for substantial assistance rendered to law enforcement and has no bearing on the career offender calculus. The retroactive guidelines amendments therefore produce a sentencing range identical to that under which defendant was sentenced, and he is ineligible for a reduction as a result.